IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN JOHNSON and LOIS JOHNSON, d/b/a SEA FARMERS, LLC, | ) ) ) ) | CIVIL 15-00065 LEK-KJM |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| THE F/V KILAUEA, in rem, and F/V KILAUEA, INC., a Washington Corporation, and MICHAEL OSTENDORP, IN PERSONNAM,, | ) ) ) ) ) ) | |
| Defendants. _____ | ) ) | |

**ORDER DENYING DEFENDANTS' MOTION TO COMPEL
<u>ARBITRATION AND LIFTING STAY ORDERED ON MARCH 3, 2016</u>**

On January 14, 2016, Defendants F/V Kilauea, *in rem*, and F/V Kilauea, Inc., a Washington Corp. (collectively "Defendants"), filed a Motion to Compel Arbitration ("1/14/16 Motion to Compel"). [Dkt. no. 58.] On February 8, 2016, Plaintiffs John Johnson ("Mr. Johnson") and Lois Johnson ("Mrs. Johnson"), doing business as Sea Farmers, LLC (collectively "Plaintiffs"), filed their memorandum in opposition, and Defendants filed their reply on February 15, 2016. [Dkt. nos. 68, 69.] On February 25, 2016, this Court issued an entering order ("2/25/16 EO") finding this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules") and ruling on the 1/14/16 Motion to

Compel. [Dkt. no. 71.] The instant Order supersedes the 2/25/16 EO. After careful consideration of the motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's 1/14/16 Motion to Compel is HEREBY DENIED because under Hawai`i law, there must be bilateral consideration for an arbitration agreement and it must be in writing. As to Mrs. Johnson, she did not sign the agreement, and therefore she cannot be compelled to arbitrate. As to Mr. Johnson, he did sign the agreement, but Defendants reserved the right to alter its terms unilaterally – that is, without input or notice to Mr. Johnson, and therefore there is no bilateral agreement and he cannot be compelled to arbitrate.

## BACKGROUND

On March 19, 2015, Defendants filed a Motion to Compel Mediation and Arbitration ("3/19/15 Motion to Compel"). [Dkt. no. 14.] On May 12, 2015, the magistrate judge filed an order ("5/12/15 Order") granting in part and denying in part the 3/19/15 Motion to Compel. [Dkt. no. 27.] The background of this case is well known to the parties and was explained in the 5/12/15 Order. See 5/12/15 Order at 2-4.

In 5/12/15 Order, the magistrate judge ordered Plaintiffs to mediate their claims pursuant to Local Rule 88.1(d)(2), and he stayed the case pending mediation. [5/12/15 Order at 12.] On December 2, 2015, the magistrate judge lifted

2

the stay.  [Minutes, filed 12/2/15 (dkt. no. 49).]  The 1/14/16 Motion to Compel moves to compel arbitration on all of Plaintiffs claims.  [1/14/16 Motion to Compel at 2.]  Plaintiffs argue that the agreement at issue, see 1/14/16 Motion to Compel, Exh. A (Captain Employment Agreement) ("Agreement"), "is unenforceable due to Defendants' misrepresentations, for lack of consideration, under the doctrine of unconscionabilty, and for failure to satisfy the requirement of signing written employment agreements before the commencement of fishing voyages in violation of 46 U.S.C. § 10601."  [Mem. in Opp. at 2.]

### DISCUSSION

The Court must first determine the law that applies to the instant matter.  Insofar as Defendants argue that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, applies here, see Mem. in Supp. of 1/14/16 Motion to Compel at 7 ("[S]hould Plaintiffs attempt to contend that the present matter cannot be subject to arbitration because it supposedly falls beyond the scope of the [FAA], no such argument can be availing."), they are incorrect. The FAA states, in relevant part, "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign and interstate commerce."  9 U.S.C. § 1.  "Although the FAA does not define 'seamen,' courts have relied on judicial interpretation of the Jones Act, such that a seaman under the Jones Act is also a

seaman for the purposes of exemption under § 1 of the FAA." Veliz v. Cintas Corp., No. C 03-1180 SBA, 2004 WL 2452851, at *4 (N.D. Cal. Apr. 5, 2004) (footnote and some citations omitted) (citing Brown v. Nabors Offshore Corp., 339 F.3d 391, 393 (5th Cir. 2003)), *modified on other grounds on reconsideration*, 2005 WL 1048699 (N.D. Cal. May 4, 2005).  The United States Supreme Court has held:

> We believe the better rule is to define
> . . . "seaman" under the Jones Act[] solely in
> terms of the employee's connection to a vessel in
> navigation.  This rule best explains our case law
> and is consistent with the pre-Jones Act
> interpretation of "seaman" and Congress' land-
> based/sea-based distinction.  All who work at sea
> in the service of a ship face those particular
> perils to which the protection of maritime law,
> statutory as well as decisional, is directed.

McDermott Int'l, Inc. v. Wilander, 498 U.S. 337, 354 (1991) (citation omitted).  The Court CONCLUDES that Plaintiffs, who are connected to "a vessel in navigation," see id., are seamen for purposes of the FAA exemption.

There also appears to be some uncertainty about whether Hawai`i law or Washington law applies to the Agreement.  See, e.g., Mem. in Supp. of 1/14/16 Motion to Compel at 7 ("Further, even if – as Plaintiffs have incorrectly contended in the past – Washington law is applicable to the present matter, they will be able to show no distinction between Washington law and Hawai`i law.").  "A seaman's contract to work aboard a vessel is a maritime contract." Madeja v. Olympic Packer, LLC, 155 F. Supp.


2d 1183, 1209 (D. Hawai`i 2011) (citing Aqua-Marine Constructors, Inc. v. Banks, 110 F.3d 663, 670-71 (9th Cir.), *cert. denied*, 522 U.S. 933, 118 S. Ct. 339, 139 L. Ed. 2d. 263 (1997)).[1] Further, "[u]nder choice of law rules in maritime contract cases in the Ninth Circuit, the court must apply the law of the state which has the most significant relationship to the transaction." Id. (citations and internal quotation marks omitted). In making that determination, "the court must consider: (a) the place of contracting; (b) the place of negotiation; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation, and place of business of the parties." Id. (citing Aqua-Marine, 110 F.3d at 673). Here, the Agreement was signed in Hawai`i, the work was performed in Hawai`i, and the subject of the contract is located in Hawai`i. The Court therefore FINDS that Hawai`i has the most significant relationship to the Agreement, and it will apply Hawai`i law.

The Hawai`i Uniform Arbitration Act ("HUAA"), Haw. Rev. Stat. Chapter 658A, "codifie[s] [the state's] endorsement of the enforceability of arbitration agreements." See Brown v. KFC Nat'l Mgmt. Co., 82 Hawai`i 226, 233, 921 P.2d 146, 153 (1996).

---

[1] The district court in Madeja also noted that "[a] suit for seaman's personal wages is properly before a district court under its maritime jurisdiction." 155 F. Supp. 2d at 1199 (citing United States Bulk Carriers, Inc. v. Arguelles, 400 U.S. 351, 353, 91 S. Ct. 409, 27 L. Ed. 2d 456 (1971)).

The HUAA states, in relevant part that, "[a]fter June 30, 2004, this chapter governs an agreement to arbitrate whenever made." § 658A-3(c).  Section 658A-6(b) states that "[t]he court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate."  Further,

> [o]n motion of a person alleging that an arbitration proceeding has been initiated or threatened but that there is no agreement to arbitrate, the court shall proceed summarily to decide the issue.  If the court finds that there is an enforceable agreement to arbitrate, it shall order the parties to arbitrate.

§ 658A-7(b).

The Hawai`i Supreme Court has held that, on "a motion to compel arbitration, the court is limited to answering two questions:  1) whether an arbitration agreement exists between the parties; and 2) if so, whether the subject matter of the dispute is arbitrable under such agreement."  Douglass v. Pflueger Haw., Inc., 110 Hawai`i 520, 530, 135 P.3d 129, 139 (2006) (footnote, citation, and internal quotation marks omitted).  In Douglass, the Hawai`i Supreme Court stated:

> "[E]ven though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate.  Without an agreement to arbitrate, a court may not force parties to engage in arbitration." Luke v. Gentry Realty, Ltd., 105 Hawai`i 241, 247, 96 P.3d 261, 267 (2004) (citations and internal quotation marks omitted); see also Moss v. Am. Int'l Adjustment Co., Inc., 86 Hawai`i 59, 63, 947 P.2d 371, 375 (1997) ("[A]rbitration must be agreed upon by the parties and evinced by a written agreement, despite the strong policy in its favor."

>       (Citations omitted.)).
>
>       We held in Brown that, in order to be valid
>       and enforceable, an arbitration agreement must
>       have the following three elements: (1) it must be
>       in writing; (2) it must be unambiguous as to the
>       intent to submit disputes or controversies to
>       arbitration; and (3) there must be bilateral
>       consideration.  82 Hawai`i at 238-40, 921 P.2d at
>       158-60.

110 Hawai`i at 531, 135 P.3d at 140 (some alterations in Douglass).  "Consideration is defined as a bargained for exchange whereby the promisor receives some benefit or the promisee suffers a detriment."  Id. at 534 (citations and block quote format omitted).

>       The arbitration clause at issue here states:
>
>       Any dispute(s) that might arise out of any terms
>       or conditions relating to or contained in this
>       Captain Employment Agreement shall be settled by
>       mediation and/or binding arbitration under the
>       Rules of the Hawaii Dispute Prevention &
>       Resolution (DPR), or other recognized arbitration
>       body selected by the Owner.  The prevailing party
>       in any arbitration hereunder shall be awarded
>       reasonable attorney fees and costs, expert and
>       non-expert witness costs and all other costs and
>       expenses incurred directly or indirectly in
>       connection with said arbitration.  The undersigned
>       parties understand and agree that any such dispute
>       shall be mediated and arbitrated in Honolulu,
>       Hawaii pursuant to the rules of DPR.

[Agreement at ¶ 13.]  It is undisputed that Mrs. Johnson did not sign the Agreement, see Mem. in Supp. of 1/14/16 Motion to Compel at 4 ("Lois Johnson is claiming that she was employed even though she was no signatory to the Agreement."); Mem. in Opp. at 23 ("The undisputed facts are that Defendants failed to make any

7

written fishing agreement with Mrs. Johnson."), and therefore the Court cannot compel Mrs. Johnson to arbitrate her claims against Defendants.  Insofar as the 1/14/16 Motion to Compel seeks to compel arbitration of Mrs. Johnson's claims, the motion is HEREBY DENIED.

The question remains whether or not the Court may compel Mr. Johnson to arbitrate his claims against Defendants. The arbitration clause at issue here:  (1) is in writing; and (2) includes unambiguous language that "[a]ny dispute(s) that might arise out of any terms or conditions relating to or contained in" the Agreement must be resolved by mediation or arbitration.  See Agreement at ¶ 13.  In agreeing to forfeit their right to a judicial forum, Mr. Johnson and Defendants provided consideration for the arbitration agreement.  The plain language of the arbitration agreement, however, reveals that Defendants reserved the right to alter its terms without any notice to or input from Mr. Johnson.  See id.  Because Defendants may unilaterally choose the arbitration body that conducts any binding arbitration proceeding, the arbitration agreement lacks mutual obligation.  "Consequently, without mutuality of obligation, the third Brown requirement is . . . not met." Douglass, 110 Hawai`i at 535, 135 P.3d at 144 (citation and

internal quotation marks omitted).[2] The Court FINDS that there was no bilateral consideration and CONCLUDES that there is no enforceable arbitration agreement between Mr. Johnson and Defendants. Insofar as the 1/14/16 Motion to Compel seeks to compel arbitration of Mr. Johnson's claims, the motion is HEREBY DENIED.

In an entering order filed on March 3, 2016 ("3/3/16 EO") the Court stayed this case pending arbitration. [Dkt. no. 58.] The stay is HEREBY LIFTED. The Court notes that, on December 22, 2015, Plaintiffs filed a Motion for Partial Summary Judgment ("Summary Judgment Motion"), [dkt. no. 58,], which, in the 3/3/16 EO, the Court deemed withdrawn without prejudice

---

[2] This district court has repeatedly found that, if one party to an agreement to arbitrate can make unilateral changes to the terms of that agreement, the agreement itself is illusory. See, e.g., Keanini v. United Healthcare Servs., Inc., 33 F. Supp. 3d 1191, 1195 (D. Hawai`i 2014) ("Admittedly, United Healthcare must provide notice of its intent to amend, modify, or terminate the agreement, and any changes can only be effective beginning January 1 of the coming year. However, United Healthcare retains sole discretion to make any such change, leaving the employee with no recourse short of resignation."); Arredondo v. 24 Hour Fitness USA Inc., CV. No. 07-00232, 2007 WL 2363386, at *3 (D. Hawai`i Aug. 13, 2007) ("Thus, Defendant retained the right to change the arbitration policy, including removing the bilateral consideration provision, yet at the same time binding Plaintiff to any unilateral changes made to the policy. Consequently, the purported agreement is illusory." (footnote omitted) (citing Gourley v. Yellow Transp., LLC, 178 F. Supp. 2d 1196, 1202-03 (D. Colo. 2001))). See also Young v. Cty. of Hawaii, Civil No. 11-00580 ACK-RLP, 2012 WL 2359933, at *4 (D. Hawai`i Apr. 3, 2012) ("Unlike cases where the arbitration provision is deemed illusory, there is no reservation of rights by one party to unilaterally alter the agreement." (citation omitted)).

[3/3/16 EO at 1]. Plaintiffs may re-file the Summary Judgment Motion with a one-page notice stating that they would like the motion set for hearing. Defendants may re-file their memorandum in opposition to the Summary Judgment Motion and Plaintiffs may re-file their reply in support of the Summary Judgment Motion with a one-page notice. On February 3, 2016, Defendants filed a Motion to Strike Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment ("Motion to Strike"), [dkt. no. 65,] which the Court deemed withdrawn without prejudice [3/3/16 EO at 1]. Defendants may re-file the Motion to Strike with a one-page notice.

## **CONCLUSION**

On the basis of the foregoing, Defendants F/V Kilauea, *in rem*, and F/V Kilauea, Inc.'s Motion to Compel Arbitration, filed January 14, 2016, is HEREBY DENIED, and the stay ordered on March 3, 2016 is HEREBY LIFTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 22, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOHN JOHNSON, ET AL. VS. F/V KILAUEA, ETC., ET AL; CIVIL 15-00065 LEK-KJM; ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION LIFTING STAY ORDERED ON MARCH 3, 2016**